9421

*EX PARTE* DENDY.

*IN RE* DENDY'S WILL.

(89 S. E. 317.)

APPEAL AND ERROR— REVIEW — FINDINGS — CONCLUSIVENESS. — Where a
Circuit Court without a jury affirmed a probate Court decree admit-
ting a will to probate, its findings of fact cannot be reviewed on
appeal.

Before HON. W. W. LEWIS, special Judge, Laurens,
November, 1915. Affirmed.

In the matter of the probate of the will of E. J. Dendy.
From an order of the Circuit Court affirming a probate
Court decree admitting the will to probate, May Finley
appeals.

The following is the decree of the probate Court:

This is a petition on the part of Lula Dendy, as adminis-
tratrix with will annexed, to have proven in due form of law
the will of E. J. Dendy, executed on the 7th day of October,
1902. The probate of this will is resisted on the following
grounds:

(1) Because at the time of the execution of this will E. J.
Dendy was of unsound mind and did not have testamentary
capacity.

(2) Because of undue influence exerted by the petitioner,
Lula Dendy, upon the testator, E. J. Dendy, in the making
of the will.

(3) Because there was a prior will of E. J. Dendy, which
was not revoked by the will in question.

(4) Because a written acceptance of the conditions of
the will in question on the part of the petitioner was neces-
sary.

All of the witnesses to the will were sworn and examined, and numerous other witnesses were also examined and from this testimony I am satisfied that at the time of the execution of the will, the testator was in full possession of his mental faculties and had testamentary capacity, and, also, that no undue influence was exerted, or attempted to be exerted, by the petitioner upon the testator in the making of the will.

While the will in question did not in terms revoke all other wills, this, in my judgment, is not necessary as contended by attorneys for the respondent. A prior will can be revoked by a later will the provisions of which are inconsistent with the provisions of the prior will, and the provisions of this last will are inconsistent with those of the prior will submitted in evidence, and the prior will was thereby revoked. The terms of this will and the testimony satisfies me that it was the intention of the testator by this will to revoke all prior wills, and I so hold.

While there was some testimony to the effect that the petitioner was to accept the conditions of the will in writing, there is also testimony that she expressed her willingness to do so and attempted to do so, when it was stated in the presence of the testator that this was not necessary, and the testator did not insist upon its being done, and I am of the opinion that a written acceptance of the conditions of the will by the petitioner was not necessary.

The petition on the part of the petitioner to have the will proven in due form of law, and the steps taken by her to execute and carry out the provisions of the will, sufficiently show an acceptance by her of its terms.

It is, therefore, ordered, adjudged, and decreed that the will executed by E. J. Dendy, on the 7th day of October, 1902, be, and the same is hereby, admitted to probate in due form of law, as his last will and testament.

The Circuit Court, on appeal, overruled exceptions to the decree of the probate Court, to which order of the Circuit Court the following exceptions were taken:

(1) Because the Circuit Judge erred in finding and holding that the papers dated October 7, 1902, and purporting to be the last will and testament of E. J. Dendy, deceased, was not in fact his last will and testament, and in admitting the same to probate in due form of law as his last will and testament when it appears from the face of the paper that "this will and testament shall hold good, provided my wife, Lula Dendy, agrees that her entire estate be divided equally between my heirs and her heirs at her death," and no such agreement has ever been made by Mrs. Lula Dendy.

(2) Because his Honor erred in finding and holding that the papers dated October 7, 1902, had been legally executed as a last will and testament of the said E. J. Dendy, deceased, and that the same revoked all other wills theretofore made by the said E. J. Dendy; whereas, he should have held that the said instrument was not a will at all, being merely an attempt upon the part of E. J. Dendy to make a will or an offer upon his part to do so, conditioned and contingent upon his wife, Lula Dendy, agreeing to dispose of her estate so as to give one-half to his heirs at her death, and there was no compliance or acceptance upon her part.

(3) Because his Honor erred in holding and finding from the testimony in the case that the instrument signed by E. J. Dendy, and dated June 18, 1898, as his last will and testament, was revoked by the alleged last will and testament of October 7, 1902; whereas, he should have held that the last alleged will, if valid for any purpose, was nothing more than a codicil to the will of June 18, 1898, and the will of that date should have been admitted to probate.

(4) Because his Honor erred in not finding and holding that Mrs. Lula Dendy had failed and refused to enter into a written agreement to dispose of her entire estate equally between her heirs and the heirs of E. J. Dendy, deceased,

26—104

upon her death, and that, having failed to execute such agreement, the said last alleged will, dated October 7, 1902, should not have been admitted to probate in either common or solemn form.

(5) Because his Honor erred, it is respectfully submitted, in not reversing the decree of the probate Court, by which the instrument dated October 7, 1902, was admitted to probate in solemn form as the last will and testament of E. J. Dendy, deceased, and rejecting the will of June 18, 1898, and refusing to admit the same to probate in either solemn or common form.

(6) Because his Honor erred in not holding and finding that the alleged will of October 6, 1902, was in fact not a will at all, but by its alleged terms inconsistent with and destructive of itself.

*Messrs. Dial & Todd,* for appellant, submit: *The will of 1892 was conditional;* and cite: *As to conditions precedent as distinguished from conditions subsequent:* 2 Words & Phrases, 1400 to 1404; 63 S. C. 490; 6 Rich. Eq. 217; Rich. Eq. Cas. 321; Jarman Wills (5th ed.), 28, 29, 30; 8 Allen 192; Underhill Wills 12, 14; 40 Cyc. 1082; 1 DeS. Eq. 543.

*Messrs. Simpson, Cooper & Babb,* for respondent, cite: *As to parol testimony showing acceptance of condition:* 57 S. C. 559; 22 S. C. 454; 40 Cyc. 2118, note 8. *Will of 1892 not a codicil:* Schouler Wills, sec 436; 40 Cyc. 994; Dudley's Eq. 184. *Revocation of prior will:* Schouler Wills, sec. 466; 2 N. & McC. 485; 40 Cyc. 1173, 1175. *Effect of probate:* 36 S. C. 433; 16 S. C. 46; 40 Cyc. 1356.

June 30, 1916.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This appeal raises the question whether there was error on the part of the probate Judge in ordering that the will in

question be admitted to probate, in due form of law. The facts are stated in the decree, rendered by the probate Judge. By consent of all the parties, the case was heard by the Circuit Judge, upon the exceptions without a jury. The exceptions were overruled, and the decree confirmed, whereupon there was an appeal to this Court.

In the case of *In re Solomon's Estate,* 74 S. C. 189, 54 S. E. 207, it was held that the issue of will or no will is legal in its nature, and the facts are not reviewable by this Court, on an appeal from the Circuit Court.

Judgment affirmed.

Mr. Justice Watts, being disqualified, did not participate in the consideration of this case.